Filed 7/16/24  P. v. Gonzalez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CINTHIA ASUSENA GONZALEZ,<br><br>Defendant and Appellant. | F087261<br><br>(Super. Ct. Nos. PCF418311, VCF435466)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Tulare County.  Jennifer Conn Shirk, Judge.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Hill, P. J., Detjen, J. and Peña, J.

Appointed counsel for appellant Cinthia Asusena Gonzalez asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436; *In re Kevin S.* (2003) 113 Cal.App.4th 97.) Counsel filed an opening brief that sets forth the facts relating to this appeal.

Appellant was advised of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from appellant. Finding no arguable error that would result in a disposition more favorable to appellant, we affirm the judgment.

The following is a brief description of the facts and procedural history of the cases. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

Appellant drove off a road and through a fence, and the responding officer arrested her after she failed several field sobriety tests. Appellant pleaded no contest on October 14, 2021, to felony driving under the influence of alcohol, misdemeanor possession of methamphetamine, and driving when the privilege had been suspended for a prior driving under the influence conviction (*People v. Gonzalez* (Super. Ct. Tulare County, 2021, No. PCF418311)). The same day, appellant pleaded no contest to misdemeanor willful injury or harm to a child (*People v. Gonzalez* (Super. Ct. Tulare County, 2021, No. VCM397806)), domestic battery (*People v. Gonzalez* (Super. Ct. Tulare County, 2021, No. VCM394239)) and driving on a suspended license with driving under the influence prior convictions (*People v. Gonzalez* (Super. Ct. Tulare County, 2021, No. VCM415494)). The trial court suspended imposition of sentence and placed appellant on a five-year term of probation conditioned upon serving 180 days in county jail as to case No. PCF418311, a four-year term of summary probation and 30 days in county jail as to case No. VCM397806, a five-year term of summary probation as to case No. VCM394239, and 105 days county jail as to case No. VCM415494.

Appellant was again arrested on March 6, 2022, for driving under the influence with her two children in the back seat. She pleaded no contest to felony driving with a

blood alcohol content in excess of 0.08 percent within 10 years of a previous conviction for the same offense and child abuse under circumstances likely to cause great bodily injury or death (*People v. Gonzalez* (Super. Ct. Tulare County, 2022, No. VCF435466)) and admitted to violating probation in case No. PCF418311.  The trial court sentenced appellant to three years in state prison, suspended execution of the sentence, and placed appellant on a five-year term of probation as to both case No. VCF435466 and case No. PCF418311 (after terminating the earlier grant of probation), conditioned upon serving 364 days in county jail.

Appellant then requested a modification of her sentence to permit her to be released from custody to an inpatient program but failed to enroll in and complete the program in 2023.  She admitted to violating her terms of probation in both cases.  The trial court terminated probation and imposed the previously suspended three-year state prison term.

Appellant filed a timely notice of appeal.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to appellant.

## DISPOSITION

The judgment is affirmed.